```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | | |
|---|---|---|
| ALAN ADAMS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:08-CV-53 (CDL) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |

O R D E R

Plaintiff Alan Adams brought this action to recover long-term disability benefits under an employee welfare benefit plan sponsored and maintained by his former employer, and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). On March 10, 2010, the Court denied Defendant Hartford Life and Accident Insurance Company's Motion for Judgment on the Administrative Record and found that judgment should be entered in favor of Plaintiff, concluding that Plaintiff was "disabled and entitled to long-term disability benefits under the Policy and that he has been disabled since the date of Defendant's first determination that he was disabled." *Adams v. Hartford Life & Accident Ins. Co.*, No. 4:08-CV-53 (CDL), 2010 WL 890197, at *14 (M.D. Ga. Mar. 10, 2010). The Court ordered that Plaintiff was entitled to

> (1) recover for his past long-term disability benefits that were denied, plus interest; (2) reinstatement of his long-term disability benefits into the future as long as he

> continues to be disabled and qualifies for those benefits under the Policy; and (3) an opportunity to make a claim for his litigation expenses, including attorney's fees.

*Id.*

Plaintiff seeks his past due benefits under the "own occupation" definition of disability, as well as past due benefits under the "any occupation" provision, interest on those past due benefits, and attorney's fees in the amount of $24,340.00. Defendant has agreed to pay Plaintiff's claims for the balance of "own occupation" benefits, interest on those benefits, as well as Plaintiff's attorney's fees. However, Defendant contends that a remand is appropriate to determine whether Plaintiff is disabled and qualifies for benefits under the "any occupation" definition. For the following reasons, the Court agrees.

## DISCUSSION

It is well established in the Eleventh Circuit that a plaintiff must exhaust a plan's administrative remedies before bringing an ERISA suit. *E.g., Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). The Eleventh Circuit has noted that:

> Compelling considerations exist for plaintiffs to exhaust administrative remedies prior to instituting a lawsuit. Administrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by [claims administrators] to assist

> courts if the dispute is eventually litigated. In
> addition, imposing an exhaustion requirement in the ERISA
> context appears to be consistent with the intent of
> Congress that [benefit] plans provide . . . review
> procedures.

*Id.* (internal quotation marks omitted). "However, district courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997).

Here, Defendant only examined Plaintiff's claim for disability benefits under the "own occupation" provision of the group policy. Defendant has not yet investigated or developed the record to determine whether Plaintiff is entitled to benefits under the "any occupation" definition of the group policy. Therefore, the Court finds that remand is appropriate in this case because by remanding the case back to Defendant to determine whether Plaintiff is disabled under the "any occupation" definition, Defendant will be able to "carry out [its] fiduciary dut[y]." *See, e.g., Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1263-67 (11th Cir. 2008) (vacating district court's judgment against plaintiff on "any occupation" definition and remanding because defendant never decided whether plaintiff was entitled to benefits under "any occupation" definition); *but see Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1191-92, 1200 (11th Cir. 2007) (finding that district court did not clearly abuse its

discretion in excusing plaintiff from exhausting administrative remedies with respect to his claim for benefits under "any occupation" standard where parties sought summary judgment on plaintiff's entitlement to benefits under both definitions of disability and claims administrator never voiced any distinction between plaintiff's status), *reh'g granted and opinion vacated in part on other grounds*, 506 F.3d 1316 (11th Cir. 2007), *adhered to in part on reh'g*, 546 F.3d 1353 (11th Cir. 2008).

The Court finds unpersuasive Plaintiff's arguments to the contrary. First, although Plaintiff argues that a remand "would allow Defendant to have a second bite at the apple post-litigation" (Pl.'s Br. Regarding Past Benefits, Interest, Litigation Expenses & Fees 2 [hereinafter Pl.'s Br.]), the Court finds that Defendant should be given an opportunity to address the claim for "any occupation" benefits in light of the Court's recent ruling. *See Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 606 (7th Cir. 2008) (noting that "'any occupation' issue did not ripen into an 'apple' ready to be bitten until the district court rendered a disability determination under the 'own occupation' standard.").

Second, the Court finds little merit to Plaintiff's contention that because the Court determined that Plaintiff cannot perform his own sedentary occupation, it means that he has already proven that he cannot perform "any" sedentary occupation. (Pl.'s Br. 2.) Defendant

4

has not yet investigated and developed the record on the issue of whether Plaintiff is disabled under the "any occupation" definition. Furthermore, from a practical standpoint, "it is unnecessary for plans to hedge their bets on a possible reversal . . . by requiring that, after a plan has already found that an employee does not qualify for disability benefits under the 'own occupation' standard, it also must determine whether the employee is disabled from 'any occupation.'" *Pakovich*, 535 F.3d at 605.

Finally, although Plaintiff contends that the "statute of limitations would most likely bar relief by the time the administrative process is over" (Pl.'s Br. 2), Defendant has agreed to either "consider [P]laintiff's claim under the 'any occupation' period as one in which the time to submit proof of loss begins anew" or "consider [P]laintiff's claim as tolled during th[e] prior litigation proceedings" (Def.'s Br. in Resp. to Pl.'s Damages Br. 13). Accordingly, the Court finds that because Defendant "fail[ed] to render any decision whatsoever on [Plaintiff's present claim] for benefits, it leaves the [Court] with nothing to review under any standard of review, so the matter must be sent back to [Defendant] for a decision." *Seman v. FMC Corp. Retirement Plan for Hourly Employees*, 334 F.3d 728, 733 (8th Cir. 2003).

CONCLUSION

As discussed above, the Court orders that based upon its previous order and Defendant's agreement, Defendant shall pay Plaintiff within thirty days of the date of today's Order the balance of "own occupation" benefits, interest on those benefits, and attorney's fees, if it has not already done so. The Court remands the case so Defendant may determine whether Plaintiff is disabled from "any occupation," as defined by the group policy. Any statute of limitations or time limit regarding a claim for "any occupation" benefits shall be tolled pending Defendant's decision on that claim.

IT IS SO ORDERED, this 1st day of June, 2010.

S/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE